## Strickler's Estate.

*Trustees—Principal and surety—Removal of trustee—Act of June 3, 1893, P. L. 273.*

The Act of June 3, 1893, P. L. 273, which gives to the surety of a trustee the right to compel the trustee to file a statement exhibiting the manner of investing the trust funds, and which provides for the removal of the trustee in case of the irregular or improper investment of the trust funds, cannot be extended so as to give the surety the right to demand the removal of the trustee because the latter had failed to keep proper books and render full accounts, had invested trust funds in his own name and mingled them with his own funds, and was wasting and mismanaging the estate.

Not decided whether under the Act of May 1, 1861, P. L. 680, a surety of a trustee is such a person in interest as will give him a standing to demand the removal of the trustee on account of the latter's general mismanagement of the estate.

A trustee will not be removed merely because he failed to keep a separate bank account until some time after his appointment, where it appears that the income of the estate was small and was promptly paid over, that an account had been stated by the trustee which was confirmed by the court

that the disbursement of the income had been approved by the cestui que trust, and that the security of the fund had been in no way impeached.

Argued March 13, 1905.    Appeal, No. 14, March T., 1904, by Fidelity and Deposit Company, from decree of O. C. Cumberland Co., refusing to remove a trustee in estate of John Strickler, deceased.    Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.    Affirmed.

Petition for removal of trustee.

The facts appear by the opinion of the Superior Court.

*Error assigned* was decree dismissing the petition.

*E. M. Biddle, Jr.*, with him *Frysinger Evans*, for appellant. —The surety has a standing under the act of 1861 to demand the removal of the trustee : Kuhler v. Hoover, 4 Pa. 331; Sharpless's Est., 13 Pa. Dist. Rep. 33; Bank of Ky. v. Schuylkill Bank, 1 Parsons, 180, 217; Taylor v. Miller, 62 N. C. 365; Johnson's App., 9 Pa. 416; Bradish's Est., 8 Pa. Dist. Rep. 38; Mansfield's Est., 13 Pa. Dist. Rep. 15.

*S. B. Sadler*, for appellee.—The whole scope and tenor of the act of 1861 shows that it was passed for the protection of the beneficiaries of the trust, and those interested in its administration.    The phrase, " any person interested " was intended to include those interested in the income or corpus of the estate of fund, or who controlled it: Kuhler v. Hoover, 4 Pa. 331.

The very small income, which was received and promptly paid by the cestui qui trust, hardly required the keeping of a separate bank account: Vestine's Est., 190 Pa. 443.

OPINION BY HENDERSON, J., July 13, 1905:

That the proceeding in this case was instituted under the Act of June 3, 1893, P. L. 273, is evident from the original petition of the appellant filed in the orphans' court.    The petition was prepared in the light of that act, and the learned judge of the orphans' court was warranted in his conclusion that the case should be disposed of according to its provisions. It is entitled " an act to enable the surety of any trustee, com-

mittee, guardian, assignee, receiver, administrator, executor or other trustee, or any person interested in the trust, to require the filing of statements exhibiting the manner of investment of trust funds and providing for the removal of such trustee, committee, guardian, assignee, receiver, administrator, executor, or other trustee by the court," and provides that where a person having trust funds in his hands shall fail for a period of ten days to furnish to any surety or sureties, or representatives of any surety or sureties, upon the bond of such person a complete and detailed statement of the nature and character of the securities in which the trust funds are invested after having been requested so to do, or, if such statement having been furnished it shall appear to such surety or sureties or representatives thereof that the trust funds are badly invested so as to be likely to result in a loss to the trust, the surety or sureties may present a petition to the court for an order requiring the person so having trust funds in his hands to file in the court a complete and detailed statement of the manner and securities in which the trust funds are invested, and if upon such statement being filed it appear to the court that the person having trust funds in his hands has used the same, or has invested them in securities outside of the state of Pennsylvania, or in securities which are likely to cause a loss to the trust, the court shall order a final account, and shall remove the person having such trust funds. The third section repeals all acts or parts of acts inconsistent with this act. In response to the rule granted by the court on the appellant's petition, the appellee filed a complete and detailed statement of the manner and securities in which the trust fund was invested. The petitioner failed to satisfy the court that the appellee had used the funds or had invested them in securities outside of the state, or in securities which were likely to cause a loss to the trust, and therefore declined to remove the trustee. The appellant's second petition extends the complaint against the trustee beyond the scope of the act of 1893, and charges that he neglected to render full and just accounts of the property which came into his hands; that he mingled the trust funds with his own; that he failed to keep proper books of his trust; that he invested in improper and unsafe securities; that he invested the trust funds in his own name; that he failed to account

for all the trust funds that came into his hands; that he is wasting and mismanaging the estate; to all of which charges the appellee filed an answer denying their truthfulness. We agree with the learned judge of the orphans' court that "There is no act that gives to the surety a general supervision over the trustees, or gives him generally the standing of a party in interest to complain with respect to matters that do not concern him" and, inasmuch as the proceeding was initiated under the act of 1893, the facts presented would not justify the court in taking the action prayed for.

The appellee contends, however, that under the terms of the Act of May 1, 1861, P. L. 680, any person interested may move for the removal of a trustee, and that the surety in this case is a person interested within the meaning of that act. We need not discuss the question whether this act includes any other persons than those interested in the estate itself, for after an examination of the evidence we are not persuaded that the appellant has brought the case within its provisions. An account was stated by the appellee which was confirmed by the court, the disbursement of the income of the estate was approved by the cestui que trust, and the security of the fund was in no way impeached. It is not pretended that the trust company in which the fund was temporarily deposited before a suitable investment could be found was not thoroughly solvent. A separate bank account was not kept until some time after the appellee became trustee, but the income of the estate was small, and was promptly paid over, and we look upon this omission as rather a lack of technical exactness than of substantial default: Vastine's Estate, 190 Pa. 443.

The decree is affirmed.